NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough - southern judicial district
No. 2014-428


NASHUA COLISEUM, LLC

v.

CITY OF NASHUA

Argued: March 31, 2015
Opinion Issued: June 5, 2015


Wadleigh, Starr & Peters, PLLC, of Manchester (Michael J. Tierney on the memorandum of law and orally), for the petitioner.


Sassoon & Cymrot, LLP, of Boston, Massachusetts (Anthony M. Ambriano on the brief and orally), for the respondent.


LYNN, J. The respondent, the City of Nashua (City), appeals an order of the Superior Court (Colburn, J.) ruling that it could properly consider a tax abatement for the 2012 tax year for the petitioner taxpayer, Nashua Coliseum, LLC (Coliseum). We reverse.

The following facts were found by the trial court or are otherwise undisputed. Coliseum is the owner of a shopping plaza. The City assessed the plaza's value at $7,659,200 for the 2011 tax year. Coliseum timely applied for an abatement of the 2011 tax, which the City denied. Coliseum appealed the

City's denial to the superior court.  See RSA 76:17 (2012).  While the 2011 tax abatement appeal was pending, the City issued an assessment and corresponding tax invoice for the plaza for the 2012 tax year.  Coliseum did not file an application with the City for an abatement of the 2012 taxes by the March 1, 2013 deadline.  See RSA 76:16, I(b) (Supp. 2014).  On June 6, 2013, the parties executed a settlement agreement regarding the 2011 taxes.  The agreement states, in pertinent part:

> The parties agree that this abatement is offered and accepted as a settlement of a disputed claim.  Neither the fact nor the amount of the abatement shall be admissible in evidence in any other abatement proceedings concerning this property.  Without limiting the generality of the foregoing, the abated value agreed to by the parties shall not be deemed to be the "correct assessment value" for purposes of RSA 76:17-c, and shall have no effect on assessments for subsequent tax years.  Subject only to the foregoing limitation, nothing herein shall preclude the Taxpayer from pursuing abatement proceedings for tax year 2012.

Subsequently, Coliseum filed a motion in limine with the superior court, in which it sought a declaration that even though the parties had settled the tax abatement appeal for 2011, the 2012 tax abatement was properly before the court.  The court granted Coliseum's motion and denied the City's subsequent motion for reconsideration.

The parties later entered into an agreement for judgment regarding the 2012 tax year.  This agreement preserved the City's right to appeal the court's ruling that it could address the 2012 tax year notwithstanding that Coliseum did not file an abatement request with the City for that year, but resolved the amount of the abatement to which Coliseum was entitled if the court's decision was upheld.  The court approved the agreement, and this appeal followed.

On appeal, the parties propose contrary interpretations of RSA 76:17-c, II (2012), the statutory provision that addresses the effect of a successful abatement appeal on subsequently assessed taxes.  The City argues that, under the plain language of the statute, Coliseum had not satisfied all of the prerequisites for the statute to apply.  The City further argues that the statute is inapplicable because of the parties' settlement agreement, which states that the abated value would not be deemed to be the correct assessment value for purposes of the statute.  As a threshold matter, Coliseum argues that the City's appeal should be dismissed because it did not provide a transcript of the hearing on the motion in limine.  On the merits, Coliseum argues that the court correctly determined that it could properly address the 2012 tax year under RSA 76:17-c, II because the only statutory prerequisite – that the 2012 taxes were assessed while the 2011 tax abatement was pending before the

2

court – was met.  Further, Coliseum claims that the settlement agreement contemplated that the court could address the 2012 tax year.

We first address Coliseum's argument that the City's appeal should be dismissed because it failed to provide a transcript of the hearing on the motion in limine.  See Sup. Ct. R. 13(2).  This argument fails because the superior court's decision was not based upon the resolution of any factual issues.  On the contrary, the relevant facts were undisputed, and the court's decision was entirely based upon its construction of the statute.  Thus, a transcript is not necessary for us to decide the abatement issue in this case.  We, accordingly, reject Coliseum's argument.

To resolve the remaining issue, we must engage in statutory interpretation.  "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole."  Appeal of Local Gov't Ctr., 165 N.H. 790, 804 (2014).  "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning."  Id.  "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include."  Id.  "We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result."  Id.  "Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole."  Id.  "This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme."  Id.

RSA 76:17-c, II provides:

> If, while an appeal pursuant to RSA 76:16-a or 76:17 is pending, subsequent taxes are assessed using an assessment value later found to be incorrect by the board of tax and land appeals or the superior court, the selectmen or assessors shall abate such subsequent taxes, using the correct assessment value as found by the board or the court, even if no abatement request or appeal has ever been filed with respect to such subsequent taxes.

The City contends that, under a plain reading of the statute, a finding by the superior court that the 2011 tax assessment was incorrect is a prerequisite to the application of the statute.  Because the settlement agreement resolved the parties' dispute as to the 2011 tax without the need for the court to make a finding as to the correctness of the City's assessment for that year, the City argues that the statutory prerequisite was not met.  It therefore contends that the court could not address the 2012 tax year in the absence of a timely abatement request under RSA 76:16, I(b), which Coliseum concedes it never filed.  Coliseum argues that it complied with the statute, which it interprets as

3

providing "that one need not file a new abatement application each year while an abatement appeal is pending" before the court. It does not specifically acknowledge or address the statutory language regarding a court finding of an incorrect assessment. In addition, Coliseum contends that the language of the settlement agreement allowed it to pursue abatement proceedings for the 2012 tax year.

Based upon a plain reading of the statutory language, we agree with the City that the statute requires the superior court to find that the assessment value was incorrect in order for the taxpayer to be excused from complying with the filing deadlines otherwise applicable to tax abatement requests. See RSA 76:16, I(b). The protection offered to taxpayers under RSA 76:17-c, II is narrow: taxpayers are protected from the need to exhaust administrative remedies for subsequent tax years only if the court later determines that the assessment value for the year before the court was incorrect. Here, the court never made a finding that the 2011 assessment value was incorrect. Moreover, the settlement agreement, by its explicit terms, provides that the "abated value agreed to by the parties shall not be deemed to be the 'correct assessment value' for purposes of RSA 76:17-c." In this case, then, because the court did not find that the 2011 valuation was incorrect and the settlement agreement precluded such a necessary finding by the court, the statute does not apply.[1] Thus, inasmuch as Coliseum had not properly filed an abatement request for the 2012 tax year within the requisite time period, the 2012 taxes were not properly before the superior court.

Coliseum urges us to interpret RSA 76:17-c, II as providing more sweeping protection than the language affords by ignoring the phrase "later found to be incorrect." Under its reading, the simple fact that a subsequent assessment is issued while an appeal for an earlier tax year is pending before the court alone preserves the court's authority to review the subsequent assessment, notwithstanding the taxpayer's failure to exhaust its administrative remedies under RSA 76:16. However, such a selective reading does not comport with our standard of statutory construction: we read all parts of a statute together to effectuate its overall purpose, rather than reading only isolated words or phrases.[2] See Appeal of Local Gov't Ctr., 165 N.H. at 804.

---

[1] In light of the facts of this case, we need not decide whether an assessment value contained in a settlement agreement approved by the court could constitute the "correct assessment value as found by . . . the court" for purposes of RSA 76:17-c, II.

[2] To the extent that Coliseum argues that the statute is not clear regarding the effect of settlement on the exhaustion requirements of RSA 76:16 for subsequent tax years, we are not persuaded. Even if we were to assume, however, that such ambiguity existed in the language of RSA 76:17-c, II, the legislative history clearly supports our interpretation of the statute. The Statement of Intent for House Bill 1405 (codified at RSA 76:17-c) states that "[t]he purpose of the bill is to eliminate a necessity for a property owner to file a second or subsequent appeal if [the court] has not acted on an original appeal before a subsequent tax bill is issued." H. Comm. on Mun. and Cnty. Gov't, Relative to Appeal of Tax Assessments to the Board of Tax and Land Appeals and the Superior Court, HB 1405, 1992 Sess. (1992). Critically, it goes on to state that "[t]he amendment allows

In its written filings with this court, Coliseum also appears to argue that, regardless of the terms of RSA 76:17-c, II, the settlement agreement was intended to preserve its right to pursue its challenge to the 2012 assessment before the superior court.  Specifically, although conceding that the agreement precludes it from relying upon the agreed-upon 2011 valuation as the "correct" value for 2012, Coliseum asserts that the last sentence of the agreement – which states that "nothing herein shall preclude the Taxpayer from pursuing abatement proceedings for tax year 2012" – permits it to pursue its challenge to the 2012 assessment despite the fact that it did not file an abatement for that year.  We need not determine, however, whether the last sentence of the settlement agreement could be viewed in this manner, i.e., as, in effect, a waiver by the City of the provisions of RSA 76:17-c, II.  At oral argument, the City's counsel disputed that this was the intent of the concluding sentence, and, in response to the court's questions, Coliseum's counsel acknowledged that the last sentence of the agreement was merely intended to preserve Coliseum's ability to argue that the 2011 settlement did not preclude the applicability of RSA 76:17-c, II, and that it cannot be construed as a purported[3] waiver by the City of its right to seek dismissal based upon the City's contrary interpretation of that statute.  Under these circumstances, we conclude that the agreement cannot be interpreted as a waiver by the City of the relevant statutory requirements.

For the reasons stated above, we reverse the order of the trial court.

<u>Reversed</u>.

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

---

the Board or the court to retain jurisdiction to be sure abatements, <u>if granted</u>, take place."  Id. (emphasis added).

[3] Were the agreement to be construed in this fashion, we would then be required to decide whether the provisions of RSA 76:16 and RSA 76:17-c, II can be waived by agreement or whether they are jurisdictional, and, therefore, cannot be waived.  Because of the clarification of Coliseum's position at oral argument, we need not address this issue.